{¶ 1} I respectfully dissent from the majority opinion.
 {¶ 2} In Gaul v. Haas (May 11, 1995), Cuyahoga Appellate No. 67313, the appellants argued that in the foreclosure action against them, notice solely by publication was insufficient to satisfy due process, as their address was easily ascertainable. They argued that they were precluded from exercising their right to protect their interest in the property to be foreclosed.
 {¶ 3} The Court of Appeals for Cuyahoga County found no abuse of discretion in the court's denial of the motion for relief from judgment. The court concluded that the motion to vacate the judgment was properly denied, as the only statements made by appellants which could possibly be construed as a meritorious claim or defense, was that if notified of the foreclosure sale, appellants would have been able to pay the back taxes on the property. The court concluded that this unsupported statement did not rise to the level necessary to be construed as a meritorious claim or defense. Id.
 {¶ 4} In the instant case, while appellant was served only by publication, and not by ordinary mail despite the fact that her address appeared in the file, she has not raised a potentially meritorious claim or defense. In fact, the agreed judgment of foreclosure and order of sale specifically states that she waived her right to redeem the property and waived her right to any claims or defenses in conjunction with the foreclosure sale of the property. The agreed entry of foreclosure further put her on notice that the case would proceed to a foreclosure sale in the event that she failed to pay the mortgage by August 1, 2001.
 {¶ 5} Appellant also argues in her motion that the appraisal of the property was improper and contradicted the treasurer's records, as pursuant to the treasurer's appraisal, the property was not sold for two-thirds of its appraised value.
 {¶ 6} As found by the court in the order overruling the motion to set aside the sale, appraisals of the property for $36,000, by three independent appraisers, were filed with the court on March 7, 2002. The property sold for two-thirds of this appraised value. There is no requirement that the property sell for two-thirds of the treasurer's appraisal. R.C. 2329.17 governs the method for appraising property for judicial sale, and states that appraisal is to be conducted by three disinterested appraisers.
 {¶ 7} I would conclude that appellant failed to demonstrate a meritorious claim or defense, and that the court did not err in overruling her motion to set aside the confirmation of sale. I would overrule the assignment of error, and affirm the judgment of the Richland County Common Pleas Court.